· In the matter of the estate of Frederick F. Coleman, deceased.

[Decided July 18th, 1917.]

1. Where on proceedings to probate a will in solemn form a party interested does not appear at the earlier hearings, although duly notified, but afterwards appears and objects to the probate of the will, such party may be permitted to take part in the subsequent proceedings in terms.

2. In such case it is reasonable to refuse to allow the defaulting party to recall for cross-examination witnesses previously examined.

3. The finding of a jury, on inquisition from this court, that the testator was *non compos mentis* is not conclusive on the question of testamentary capacity but only *prima facie* evidence of the fact so found as related to the validity of a will made by the subject of the inquisition.

4. Under the testimony in this case—*Held,* that the testator was of sound and disposing mind, memory and understanding when he executed the will offered for probate.

---

On application for probate of will.

*88 N. J. Eq.*                    In re Coleman.

*Messrs. Wicoff & Lanning* and *Mr. James D. Carton,* for the proponents.

*Mr. C. Russell Rogers* and *Mr. Thomas H. Brown,* for Ella McGlathery, contestant.

WALKER, ORDINARY.

On December 8th, 1916, a petition was filed in the prerogative office by Arietta Coleman, Rolinda Coleman and Annie E. Wahl, all residing in this state, the executrices named in a certain paper-writing purporting to be the last will and testament of Frederick F. Coleman, late of Monmouth county, who departed this life on November 27th, 1916, for the probate of the will and issuance of letters testamentary thereon, no *caveat* having been filed in the Monmouth county surrogate's office against the probate of the will or the granting of administration upon the estate of the deceased.

Upon the will being presented to me for probate, the proctors for proponents very properly informed me that the decedent, Dr. Coleman, by a commission in the nature of writ *de lunatico inquirendo* issued out of the court of chancery, executed at Freehold November 3d, 1916, some three weeks before his death, the doctor was, by a jury, found to be *non compos mentis* and without lucid intervals for seventeen months prior thereto, but asserted that they were prepared to prove that the doctor was of sound and disposing mind, memory and understanding when he executed the will, October 16th, 1915, the inquisition to the contrary notwithstanding. This appearing, I directed that the will should be offered for probate in solemn form, so that everyone interested as heir-at-law or next of kin of the deceased should have notice. Accordingly, an order was entered on December 11th, 1916, that on January 9th, 1917, the petitioners might proceed to prove the will by witnesses and proof on due notice to the heirs-at-law and next of kin and all persons concerned. Citations were issued and returned duly served, and the taking of testimony was commenced before me in the prerogative court on January 9th, 1917. At the end of the day adjournment was had for one week, and on the day of continuance, January 16th, 1917,

Mrs. Ella McGlathery, a sister and one of the heirs-at-law and next of kin of the deceased, appeared in person and by counsel and desired to be heard in opposition to probate. Counsel for proponents did not object, provided the would-be contestant were put upon terms. Whereupon I ruled, as she had absented herself on the return day of the citation without any sufficient excuse, that the testimony already taken should stand without any right in Mrs. McGlathery to recall the witnesses for cross-examination, but with the right of full participation in the proceedings from that point on. Thereafter considerable testimony was taken before me, and *de bene esse* by a master in chancery, both in and out of the state.

It will be observed that the finding of the jury in the. lunacy inquisition stamped Dr. Coleman as being *non compos mentis* on November 3d, 1916, and without lucid intervals for seventeen months prior thereto, which would run back to April, 1915, and the will was made within that period, having been executed October 16th, 1915.

If the jury's finding of lunacy without lucid intervals was conclusive, that would end the case in favor of the contestant. But the finding is only *prima facie* evidence of the facts found, and may be overcome by satisfactory evidence of capacity at the time the will was made. The finding raises a presumption against the validity of the testament—one which is not conclusive but which may be rebutted.

The case of *Brady* v. *McBride, 39 N. J. Eq. 495,* is directly in point. The testatrix made her will in February, 1876. In November, 1879, two years and seven months afterwards, a jury, on inquisition of lunacy, found her then to be, and to have been for three years preceding, of unsound mind, thus carrying her incapacity back for a period of some five months prior to the execution of her will. Chancellor Runyon, sitting as ordinary in the prerogative court, observed (at *p. 500*) :

"The finding of the jury that the lunacy had existed for three years is not conclusive. Any presumption which it raises is rebutted by the proof that the testatrix had testamentary capacity at the time of the making of the will."

In *Sbarbero* v. *Miller*, *72 N. J. Eq. 248*, Vice-Chancellor Garrison observed (at *p. 264*) :

"In addition to the oral testimony delivered at the trial, the complainant also produced and put in evidence a finding of a commission in lunacy on the 9th day of September, 1903, declaring John Barber a lunatic, of whom subsequently his eldest daughter was appointed guardian. This proceeding was, of course, *ex parte*, and is only *prima facie* evidence. *Mott* v. *Mott*, *49 N. J. Eq. 192* (at *p. 196*), and cases cited; *Kern* v. *Kern*, *51 N. J. Eq. 574* (at *p. 583*). I will not further discuss the weight of this finding, because, while in a doubtful case, I should give great weight to the determination of commissioners and a jury, I do not see that it is entitled to any more than *prima facie* effect in the face of a fully-tried issue in this court."

The testator's reason for not leaving any of his property to his sister, Mrs. McGlathery, undoubtedly, was that he had been estranged from her for a long time, and his reason for making Mrs. Wahl one of his beneficiaries, undoubtedly, was the fact that he was engaged to be married to her.

Counsel for the contestant, Mrs. McGlathery, argues that Mrs. Wahl exercised undue influence upon the deceased, and they suggest, although they do not pointedly argue, that her relations with the doctor were not altogether proper, because they were engaged to be married while Mrs. Wahl was the wife of another man, between whom and her a divorce case was pending at the time of Dr. Coleman's death.

The testimony does not disclose that Mrs. Wahl in fact exercised undue influence over the doctor, and even if it were shown that their relations were meretricious, and they were not so shown, that of itself would not operate to defeat the gift to her. See *Arnault* v. *Arnault*, *52 N. J. Eq. 801*; *In re Willford's Will*, *51 Atl. Rep. 501*; *Middleton's Case*, *68 N. J. Eq. 584*; affirmed, *68 N. J. Eq. 798*.

The questions of law being decided against the contestant, the case resolves itself into one of facts. I shall not discuss them. To my mind, it is sufficient to say that they clearly show that the testator was of sound and disposing mind, memory and understanding when he executed his will; that he comprehended the

property he was about to dispose of, the natural objects of his bounty, the meaning of the business in which he was engaged, the relation of each of these factors to the others, and the distribution that was made by the will. His mental capacity was at least equal to that. See *Clifton* v. *Clifton, 47 N. J. Eq. 227*.

The contest against this will was, however, amply justified. In this situation, the costs and expenses of the contestant, including counsel fees, as well as those of the proponents, will be ordered to be paid out of the testator's estate. These will be settled on application and on notice.